**In re: David Everett THURMANN, Debtor,**

**David Everett Thurmann, Appellant,**

v.

**World Savings, F.S.B.; et al., Appellees.**

**No. 04–15626, NC–02–01417–MARYP.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2005.*

Decided Oct. 21, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andrew W. Shalaby, El Cerrito, CA, for Debtor/Appellant.

Peter J. Salmon, Moss Pite & Doncan, Patrick T. Cooney, Esq., John D. Duncan, Pite Duncan & Melmet LLP, El Cajon, CA, Robert D. Postar, John F. Prentice & Associates, Emeryville, CA, for Appellees.

Appeal from the Ninth Circuit Bankruptcy Appellate Panel, Perris, Ryan, and Marlar, Bankruptcy Judges, Presiding.

Before WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM**

David Everett Thurmann appeals from a Bankruptcy Appellate Panel (BAP) decision affirming the bankruptcy court's decision in part and dismissing as moot Thurmann's appeal from the bankruptcy court's decision in part. We affirm.

### I

■ Thurmann's appeal from the bankruptcy court's refusal to set aside the December 2000 Amended Stipulated Order containing the 180–day refiling bar is moot. Even if this court were to vacate the Amended Stipulated Order, it would not retroactively invalidate the foreclosure sale that proceeded in reliance on the 180–day refiling bar in the Amended Stipulated Order that was in effect at the time. Thurmann filed his fourth bankruptcy case in blatant violation of the 180–day refiling bar in the Amended Stipulated Order, and that fourth bankruptcy petition, along with the automatic stay that otherwise would have been triggered by its filing, were void *ab initio.* Since no valid stay was in place at the time the foreclosure sale occurred and the nonexistent automatic stay in Thurmann's improperly filed fourth bankruptcy case cannot be imposed retroactively, Thurmann's appeal from the bankruptcy court's refusal to set aside the Amended Stipulated Order is moot. *See In re Onouli–Kona Land Co.,* 846 F.2d 1170, 1171–73 (9th Cir.1988).

### II

■ Thurmann has not come forward with sufficient evidence to set aside the foreclosure sale under Federal Rule of Civil Procedure 60(b). Thurmann did not offer to pay the arrears and bring the loan current until after the automatic stay from

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the third bankruptcy case was lifted in May 2001 pursuant to the terms of the Amended Stipulated Order. While Thurmann alleges that World Savings intentionally deceived him regarding the notices of default and sale, the reinstatement quote, and the date of the foreclosure sale, the evidence in the record does not show that World Savings acted fraudulently or in bad faith. In sum, nothing Thurmann has presented amounts to "newly discovered evidence" under Rule 60(b)(2) or "extraordinary circumstances" under Rule 60(b)(6), that might justify setting aside the foreclosure sale. *See In re Pac. Far East Lines, Inc.,* 889 F.2d 242, 250 (9th Cir.1989).

### III

The bankruptcy court did not deprive Thurmann of his due process or First Amendment rights by the manner in which it dealt with his Rule 60(b) motion. Thurmann has not presented any evidence indicating that the bankruptcy court did not fully consider the motion, or that the court was biased against him. The fact that the bankruptcy court did not hold a hearing on the motion is of no significance. The bankruptcy court's delay in issuing a final order disposing of the motion is attributable to Thurmann's overly hasty filing of a notice of appeal to the BAP, before the bankruptcy court had a chance to rule on the motion.[1]

AFFIRMED.

1. All outstanding motions are denied as moot.

* Withdrawn and superseded by 2006 WL